UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 4/4/14

FRANCIS E. HOEFER,

                     Plaintiff,

- against -

BOARD OF EDUCATION OF THE ENLARGED
CITY SCHOOL DISTRICT OF MIDDLETOWN,
DR. KENNETH EASTWOOD, WILLIAM
GEIGER, JOHN DOE 1 and JOHN DOE 2,

                     Defendants.

## OPINION AND ORDER

10 Civ. 3244 (ER)

Appearances:

Michael Howard Sussman
Sussman & Watkins
Goshen, New York
*Attorney for Plaintiff*

John F. McKay, III
Howard M. Miller
Bond, Schoeneck & King, PLLC
Garden City, New York
*Attorneys for Defendant Dr. Kenneth Eastwood*

Ramos, D.J.:

On April 16, 2010, Francis E. Hoefer ("Plaintiff") commenced this action pursuant to 42

U.S.C. § 1983 against the Board of Education of the Enlarged City School District of

Middletown (the "Middletown Board" or the "Board"), Dr. Kenneth Eastwood ("Eastwood") and

William Geiger ("Geiger"), claiming violations of the First and Fourth Amendments.  Doc. 1

("Compl.").[1]  Plaintiff alleges that Eastwood, Geiger and the Middletown Board (the "School

---

[1] Plaintiff also brought a claim against two John Doe Defendants, alleging that they violated the Fourth Amendment
by arresting and detaining Plaintiff without probable cause.  Compl. ¶ 43.  However, the Court deemed Plaintiff's
claims against the John Doe Defendants abandoned and terminated them from the case on January 9, 2013.  *See*
Doc. 21.

District Defendants") violated Plaintiff's First Amendment rights by preventing him from speaking during the public participation portion of a public school board meeting and by excluding Plaintiff from the meeting (the "First Amendment claim"), Compl. ¶¶ 40, 41, and that Eastwood violated Plaintiff's Fourth Amendment rights by causing his detention and arrest without probable cause (the "false arrest claim"), *id.* ¶ 42.  On March 23, 2012, the School District Defendants successfully moved for partial summary judgment on Plaintiff's false arrest claim against Eastwood.  Doc. 21 ("Jan. 9, 2013 Order").  Defendants did not move for summary judgment on the First Amendment claim at that time.

Before the Court is Eastwood's motion for leave to file a second motion for summary judgment, this time addressing Plaintiff's First Amendment claim, as well as a motion for judgment on the pleadings under Rules 12(c) and 12(h)(2) of the Federal Rules of Civil Procedure.  Doc. 39.  The only changed circumstance between March 23, 2012 and the present is the identity of Eastwood's counsel.

For the reasons set forth below, Eastwood's motion, Doc. 39, is DENIED.

## I. Procedural History

On March 23, 2012, the School District Defendants moved for partial summary judgment *exclusively* on Plaintiff's false arrest claim against Eastwood, Doc. 11, which the Court granted by Order dated January 9, 2013.  *See* Jan. 9, 2013 Order.[2]

Shortly thereafter, on January 29, 2013, the Court held a status conference, at which time it scheduled this matter for a jury trial to commence on May 6, 2013.  Dkt. No. 10 Civ. 3244 (Minute Entry 1/29/2013).  In accordance with the pretrial schedule set by the Court, the School District Defendants filed a joint preliminary trial report on April 8, 2013 (Doc. 23) and a motion

---

[2] The Court assumes familiarity with the underlying facts of this case, which it more fully set forth in the January 9, 2013 Order.

*in limine* on April 15, 2013 (Doc. 24).  The joint pretrial order specified that the trial would focus on the only two remaining issues:  (1) "[w]hether [the School District D]efendants violated [P]laintiff['s] right to free speech under the First Amendment when they prevented him from speaking at a public meeting of the Middletown District … on March 4, 2010" and (2) if so, what damages the School District Defendants owe Plaintiff.  Joint Pretrial Order 2.

However, on April 22, 2013, counsel for the parties—Mr. Sussman, for Plaintiff, and Mr. Mehnert, former counsel to all three School District Defendants—jointly informed the Court that all claims had been settled.  On April 23, 2013, the Court entered a so-called "sixty-day order" discontinuing the action, subject to reopening should the parties fail to consummate the settlement within sixty days thereof.  Doc. 27.  Sixty days of silence passed.[3]

Then, on September 18, 2013, nearly five months after the entry of the sixty-day order, the Court received its first indication that the parties had failed to completely resolve the case:  a letter from Mr. Sussman requesting a conference and new trial date.  Doc. 28.  Mr. Sussman subsequently represented that Eastwood refused to participate in the settlement agreement that presumably had been approved by each of the School District Defendants, including Eastwood. *Id.*; Doc. 40 ("Eastwood Br.") 6.  Accordingly, the Court scheduled a conference for October 24, 2013.  Doc. 32.  Thereafter, Mr. Miller, Eastwood's new attorney, requested a pre-motion conference.  Doc. 33.

At the pre-motion conference held on October 24, 2013, Mr. Miller requested that the Court, in its discretion, grant Eastwood leave to file a motion for summary judgment and relief under Rules 12(c) and 12(h)(2) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 10 Civ.

---

[3] Specifically, the sixty-day order provided that this action is hereby "discontinued, without costs to either party, subject to reopening should the settlement not be consummated within sixty (60) days of the date hereof. *The parties are advised that if they wish the Court to retain jurisdiction in this matter for purposes of enforcing any settlement agreement, they must submit the settlement agreement to the Court within the next 60 days with a request that the agreement be 'so ordered' by the Court*.'"  Doc. 27 (emphasis added).  Given that neither party contacted the Court within sixty days, it is unclear whether this Court even has the ability to reopen this matter.

3244 (Minute Entry 10/24/2013).  The Court granted Eastwood leave to brief the issue of why

the Court should exercise its discretion to allow Eastwood to file a motion for relief that, by all

accounts, his prior counsel could conceivably have sought in the School District Defendants'

March 23, 2012 motion.

## II. Discussion

### A. Eastwood's Proposed Motion for Summary Judgment under Rule 56

The deadline for filing dispositive motions in this case has passed.  Eastwood maintains,

however, that his proposed motion would be timely because the Federal Rules of Civil Procedure

permit him to move "at any time" before trial.  Eastwood Br. 2, 7.  While Rule 56 provides that a

party against whom a claim is asserted may seek summary judgment "at any time" (Fed. R. Civ.

P. 56), as Eastwood acknowledges, "district courts enjoy considerable discretion in entertaining

successive dispositive motions."  *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004); Doc. 43

("Reply Br.") 5 (citing *id.*).  Moreover, "[t]he law is clear that 'it is improper for a party to file a

successive motion for summary judgment which is *not based upon new facts and which seeks to

raise arguments it could have raised in its original motion*.'"  *Purchase Partners, LLC v. Carver

Fed. Sav. Bank*, No. 09 Civ. 9687 (JMF), 2013 WL 1499417, at *'7 (S.D.N.Y. Apr. 10, 2013)

(emphasis added) (quoting *Campers' World Int'l, Inc. v. Perry Ellis Int'l, Inc.*, 221 F.R.D. 409,

409 (S.D.N.Y. 2004)); *see also Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012)

("[S]uccessive motions for summary judgment may be procedurally improper if the arguments in

the second motion could have been raised in the first motion.").

Eastwood attempts to distinguish precedent such as *Camper's World* by arguing that he is

seeking to file a motion on a different issue than that raised in his previous summary judgment

motion.  Eastwood Br. 3; Reply Br. 6-7.  Yet, Eastwood does not deign to argue that new issues

4

or evidence, of which he was unaware, have cropped up—instead, he merely characterizes prior counsel's decision to seek partial summary judgment as strategically ill-advised.  Eastwood Br. 4; Reply Br. 8.

The Court finds Eastwood's contentions unavailing.  Eastwood's argument amounts to little more than an acknowledgement that strategic "mistakes were made."[4]  Because Eastwood blatantly seeks to reargue points that he *could have*, but, "[f]or reasons unknown to [his] current counsel" (Reply Br. 8), *did not* make, the Court will not exercise its discretion to permit Eastwood to take a second bite at the apple.[5]  The Court is particularly mindful of the fact that this case was filed in April 2010 and scheduled for trial *on this very claim* in May 2013.  Though Eastwood generally states that the litigants may be "burden[ed] with unnecessary trial expenses" if he is not permitted to seek summary judgment (Eastwood Br. 4), he fails to "state specifically what those costs would be or to quantify them," rendering the Court's assessment of additional costs impossible.  *Kirkland v. Cablevision Sys.*, No. 09 Civ. 10235 (LAP), 2012 WL 4336193, at *4 (S.D.N.Y. Sept. 21, 2012).  Accordingly, at this late juncture, any challenge to Plaintiff's First Amendment claim is properly left for trial.  *See, e.g.*, *Purchase Partners*, 2013 WL 1499417, at *8; *Campers' World*, 221 F.R.D. at 409.

---

[4] *See* Carl M. Cannon, *Reagan:  Mistakes Were Made*, Miami Herald, Dec. 7, 1986, *available at* http://www.miamiherald.com/1986/12/07/457328/reagan-mistakes-were-made.html#storylink=cpy (discussing President Reagan's concession that "mistakes were made" in his administration's secret arms deals in Iran).

[5] The cases relied upon by Eastwood universally recognize that courts enjoy broad discretion in this context, and are all distinguishable.  *Sirico v. British Airways PLC* (Eastwood Br. 3) involved a successive motion for summary judgment by a *pro se* litigant.  *See* No. 98 Civ. 4938 (FB), 2002 WL 113877, at *1 n.2 (E.D.N.Y. Jan. 22, 2002); *see also Perez v. Keysor*, No. 10 Civ. 0518 (LEK) (CFH), 2013 WL 5493932, at *13 (N.D.N.Y. Sept. 30, 2013) (permitting successive motion by *pro se* litigant where premised upon additional discovery obtained after first motion).  Likewise, the court's decision to permit a successive motion in *Beechwood Restorative Care Center v. Leeds* (Reply Br. 6) is distinguishable because there, "a significant amount of discovery" occurred after the court had decided the earlier motion, years prior.  *See* 811 F. Supp. 2d 667, 673-74 (W.D.N.Y. 2011).  Indeed, the *Beechwood* court's holding undermines Eastwood's position, as the court stated that the motion would be allowed since, *unlike* here, the "defendants are not simply seeking to reargue matters that they raised, *or could have raised*, on their prior motion."  *Id.* at 674 (emphasis added).  Eastwood does not make any claim regarding new discovery—the only thing that has changed since his first motion is that he retained new counsel.

**B. Eastwood's Proposed Motion for Judgment on the Pleadings under Rule 12**

Though Eastwood also claims that he is entitled to move for judgment on the pleadings under Rules 12(c) and 12(h)(2) of the Federal Rules of Civil Procedure "at any time" (Eastwood Br. 4-5),  Eastwood again concedes—as he must—that his "entitlement" remains contingent upon approval from this Court.  *Id.* at 5-7.  Rule 12(h)(2) provides, in relevant part, that "[f]ailure to state a claim upon which relief can be granted … or to state a legal defense to a claim may be raised" in:  "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial."  Fed. R. Civ. P. 12(h)(2).  Given the current procedural posture of this case, subsections (A) and (C) of Rule 12(h) do not apply.  Rule 12(c) provides that, "[a]fter the pleadings are closed—but *early enough not to delay trial*—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c) (emphasis added).

Eastwood claims that the Court should exercise its discretion to permit his Rule 12(c) motion because it will not prejudice Plaintiff or delay trial, and will serve judicial economy.  Eastwood Br. 5-6; Reply Br. 4-5.  The Court emphatically disagrees.  As already noted, given that the Court previously set a trial date of May 6, 2013, Eastwood's claim that his proposed motion will not delay trial is meritless.  At this point, a trial will most efficiently dispose of the case, and any further briefing will significantly delay its resolution.[6]  *See In re CCT Commc'ns, Inc.*, No. 07-10210 (SMB), 2011 WL 5509197, at *2-*3 (Bankr. S.D.N.Y. Nov. 10, 2011) (declining to consider a Rule 12(c) motion, filed eighteen months after the pleadings closed, as it would delay disposition of case); *see also, e.g., Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (in assessing "prejudice," courts "generally consider whether the assertion of the new claim or defense would (i) require the opponent to expend significant

---

[6] The joint pretrial order estimated that this case would take a week or less to try when *all* of the School Board Defendants were involved, and now, only Eastwood remains.  Joint Pretrial Order 2.

6

additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." (internal citation and quotation marks omitted)).  Finally, Eastwood's reliance upon cases such as *Hu v. Skadden, Arps, Slate, Meagher & Flom*, 76 F. Supp. 2d 476 (S.D.N.Y. 1999) is misplaced, given that the context of a Rule 12(h)(3) motion based on subject matter jurisdiction is entirely distinguishable from the facts at bar here.  Reply Br. 4.

Accordingly, Eastwood's request for leave to file a dispositive motion is DENIED.

## III. Conclusion

For the reasons set forth above, Defendants' Motion for Permission to File a Dispositive Motion is hereby DENIED.  The Clerk of the Court is respectfully directed to terminate this motion, Doc. 39.  The parties are directed to appear for a pre-trial conference on **April 22, 2014 at 11:30 a.m.** in Courtroom 619, at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

It is SO ORDERED.

Dated:    April 4, 2014
          New York, New York

Edgardo Ramos, U.S.D.J.

7