UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5/29/2014

FRANCIS E. HOEFER,

                Plaintiff,

- against -

BOARD OF EDUCATION OF THE ENLARGED
CITY SCHOOL DISTRICT OF MIDDLETOWN,
DR. KENNETH EASTWOOD, WILLIAM
GEIGER, JOHN DOE 1 and JOHN DOE 2,

                Defendants.

**OPINION AND ORDER**

10 Civ. 3244 (ER)

Ramos, D.J.:

        The Court assumes the parties' familiarity with the underlying facts and procedural history of this case. On April 22, 2013, counsel informed the Court that all claims in this matter had been settled. Accordingly, on April 23, 2013, the Court entered an order providing that this action was "discontinued, without costs to either party, subject to reopening should the settlement not be consummated within sixty (60) days of the date hereof." Doc. 27. The sixty-day order also advised the parties that "if they wish the Court to retain jurisdiction in this matter for purposes of enforcing any settlement agreement, they must submit the settlement agreement to the Court within the next 60 days with a request that the agreement be 'so ordered' by the Court." Id. Sixty days of silence passed. It was not until September 2013—more than four months after entry of the sixty-day order—that the Court received its first indication from the parties that efforts to consummate the settlement might not have been entirely successful.

        Before the Court are letters from Plaintiff and Defendant Dr. Eastwood addressing the issue of whether the Court has jurisdiction to hear the case. For the reasons set forth below, Plaintiff's application to reinstate the case is DENIED and the case is hereby dismissed.

## I. Discussion

The Court's sixty-day order provided that this action would be discontinued, subject to reopening if the parties did not reach a settlement within sixty days of April 23, 2013. The order also established a sixty-day deadline for the parties to seek the Court's continued jurisdiction with respect to enforcement of the settlement agreement. As the parties correctly observe, however, the order technically did not provide a deadline for seeking reinstatement of the action to the calendar.

The parties agree that, under Second Circuit case law, where, as here, "a discontinuance order does not specify a date by which a request to reopen must be filed and a party wishes to restore the matter to the docket, such request must be made 'within a reasonable time' from the issuance of the discontinuance order." May 5, 2014 Letter from J. Moller ("Def.'s Ltr.") 2 (citing *Niederland v. Chase*, 425 Fed. App'x 10, 13 (2d Cir. 2011) (summary order)); Apr. 28, 2014 Letter from M. Sussman ("Pl.'s Ltr.") 3 (citing *Muze, Inc. v. Digital on Demand, Inc.*, 356 F.3d 492, 495 (2d Cir. 2004)). Indeed, "the lack of a deadline for a reinstatement request does not mean that either party ha[s] an unlimited time for seeking reinstatement," and thus, "[t]he omission of a time limit for a permitted or required task normally means that the task is to be performed within a reasonable time." *Muze*, 356 F.3d at 495.

Plaintiff requested that this matter be restored to the Court's calendar by letter dated September 18, 2013, almost three months after the expiration of the sixty-day order. Doc. 28. In support of his request for reinstatement, Plaintiff solely cites *Muze, Inc. v. Digital on Demand, Inc.* The order at issue in *Muze* specified that "[s]hould settlement not be finalized by January 31, 2002, this case will be reinstated by application of any party." 356 F.3d at 493. The Second Circuit concluded that Muze, the plaintiff, "[s]urely ... acted within a reasonable time" because it sought reinstatement of the action within six days of the expiration of the deadline for finalizing

the settlement. *Id.* at 495. Plaintiff argues that he, too, sought to reinstate this action within a reasonable timeframe because he notified the Court "less than three months after the expiration of the Court's 60-day order, and within three weeks after the settlement with the other two defendants was actually finalized." Pl.'s Ltr. 3. Plaintiff further argues that Defendant Eastwood "implicitly acknowledged" that Plaintiff's request to reinstate the case was made in a reasonably timely manner because he sought to file a second summary judgment motion. *Id.* at 4. Finally, Plaintiff contends that, because Rule 60(b)(1) of the Federal Rules of Civil Procedure allows parties up to a year to move to reopen judgments for excusable neglect, his delay in moving to reinstate the instant case is "eminently reasonable." *Id.*

Defendant Eastwood asserts that Plaintiff's nearly five-month delay in seeking reinstatement of this case was unreasonable, particularly because Plaintiff had awareness of Eastwood's unwillingness to settle as early as June 23, 2013, prior to the expiration of the sixty-day order, and therefore the Court should issue a final closure in this case. Def.'s Ltr. 2-4.

Upon consideration of the letters submitted by the parties, the authorities cited therein, and the exhibits attached thereto, the Court finds that Plaintiff failed to request reinstatement of this action to the calendar within a reasonable time period after the entry of the order discontinuing the case on April 23, 2013. *Niederland*, 425 Fed. App'x at 13 (affirming district court's decision to enter final order of closure after the parties reported a settlement, then five months passed, during which neither party communicated a need to reactivate the case). Contrary to Plaintiff's assertions, the holding in *Muze, Inc. v. Digital on Demand, Inc.* does not compel a different conclusion, as the length of the plaintiff's delay in *Muze*—a mere six days— was vastly shorter than the months-long delay at issue here. 356 F.3d at 494-95. Moreover, in *Muze*, the court observed that "[t]he usual form of order specifies that reinstatement must be

sought within the same interval established as the time period for finalizing the settlement"—here, that would be sixty days. *Id.* at 494. Plaintiff's counsel's own documents reveal that he knew of Dr. Eastwood's reluctance to settle as early as June 23, 2013, the very deadline set forth in the sixty-day order, yet he failed to contact the Court until more than two months thereafter. *See* Def.'s Ltr. Ex. B. (Jun. 23, 2013 Letter from M. Sussman).

Additionally, the Court finds Plaintiff's Rule 60(b)(1) argument unavailing. Rule 60 of the Federal Rules of Civil Procedure does not suggest that *all* motions made within a year or less are reasonable. Rather, it provides that motions for relief from a final judgment, brought under subsection (b), must be made within a *reasonable* time, not to exceed a year. Fed. R. Civ. P. 60(c)(1); *Niederland*, 425 Fed. App'x at 12 (citations omitted). Courts assess reasonableness based upon the particular explanations advanced for the delay balanced against the interest in finality—not whether fewer than 365 days have elapsed. *Id.* (denying the plaintiff's motion to reopen, filed almost two months after the case closed, and noting that "Rule 60(b)(1) motions to reopen based on district court mistakes are generally deemed untimely if made after the [30-day] deadline for filing a notice of appeal.").

Finally, to the extent that Plaintiff argues that the sixty-day order should be viewed as a dismissal without prejudice pursuant to Rule 41(a)(2) (Pl.'s Ltr. 3), "the Second Circuit has not addressed whether dismissal orders pursuant to Rule 41(a)(2) must explicitly state that failure to make an application to restore the action to the court's docket within the prescribed time period will result in a dismissal with prejudice." *Blue Ridge Investments, LLC v. Republic of Argentina*, 902 F. Supp. 2d 367, 384 (S.D.N.Y. 2012), *aff'd sub nom.*, *Blue Ridge Investments, L.L.C. v. Republic of Argentina*, 735 F.3d 72 (2d Cir. 2013). The Court finds persuasive the reasoning that the "common understanding" of sixty-day orders is that they result in "dismiss[al]

with prejudice regardless of whether the words 'with prejudice' appear in the order," because "treatment of such a dismissal as being without prejudice would produce the unacceptable and doubtless unintended result that the dismissal would remain without prejudice *even if the parties proceeded to consummate the settlement as expected.*" *Strategic Research Inst., Inc. v. Fabozzi*, 187 F.R.D. 507, 509 (S.D.N.Y. 1999) (emphasis in original).

Accordingly, Plaintiff's request to reinstate the case is DENIED and the action is hereby DISMISSED.

## II. Conclusion

For the reasons set forth above, the Clerk of the Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   May 28, 2014
         New York, New York

                                                    _____
                                                    Edgardo Ramos, U.S.D.J.